**ESSEX ELECTRO ENGINEERS, INC., Appellant,**

v.

**Sheila E. WIDNALL, Secretary of the Air Force, Appellee.**

No. 97–1046.

United States Court of Appeals, Federal Circuit.

June 24, 1997.

Charles E. Raley, Watt, Tieder & Hoffar, L.L.P., McLean, VA, argued, for appellant.

Jonathan M. Coleman, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, argued, for appellee. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Sharon Y. Eubanks, Deputy Director.

Before MAYER, Circuit Judge,
SKELTON, Senior Circuit Judge, and
BRYSON, Circuit Judge.

PER CURIAM.

Essex Electro Engineers, Inc. appeals the decision of the Armed Services Board of Contract Appeals, ASBCA Nos. 45663 and 45664, 96–2 BCA ¶ 28,600, 1996 WL 598815 denying Essex's motion to vacate the board's prior decision dismissing Essex's appeal without prejudice, for lack of jurisdiction. We affirm.

Essex entered into two contracts with the Air Force for the manufacture and delivery of floodlight sets and spare parts. Prior to completion of the contracts, the Air Force terminated the contracts for convenience. Essex then submitted settlement proposals to the termination contracting officer (TCO), seeking termination costs and interest on these costs. Relying on *Mayfair Construction Co. v. United States*, 841 F.2d 1576 (Fed.Cir.1988), and *Dawco Construction, Inc. v. United States*, 930 F.2d 872 (Fed.Cir.1991),

the TCO determined that the interest Essex sought was not recoverable and that each submission was a "voucher, invoice, or other routine request for payment that [was] not in dispute when submitted and [was] not a claim for purposes of the [Contract Disputes] Act." Essex appealed the decision to the board, which dismissed the appeal for lack of jurisdiction, also relying on this court's *Mayfair* and *Dawco* cases, as well as the board's decision in *Reflectone, Inc.*, ASBCA No. 43081, 93–1 BCA ¶ 25,512, 1992 WL 302847 (1992).

More than eight months later, we reversed the board's decision in *Reflectone*, holding that a submission need not be in dispute before it can be a claim under the Act. *Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir.1995) (en banc) (overruling *Dawco*, in part). Thirteen days later, Essex moved to vacate the board's earlier dismissal, and asked for retroactive application of this court's *Reflectone*. The board denied the motion.

The board's first decision was not the result of inadvertent error or a mistake of law. It correctly relied upon precedent binding at the time, and Essex chose not to appeal. As a result, that decision became final 120 days after it was entered, 41 U.S.C. § 607(g)(1)(A) (1994), and could not thereafter be appealed. *See James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 541, 111 S.Ct. 2439, 2446, 115 L.Ed.2d 481 (1991).

Essex argues that ASBCA Rule 30 permits reopening an appeal up to three years after it has been dismissed. Rule 30 provides that an appeal dismissed without prejudice becomes an appeal dismissed with prejudice if not reinstated within three years. It does not, however, provide a mechanism to reinstate a dismissed appeal. Nor is the result reached today inconsistent with *James M. Ellett Construction Co. v. United States*, 93 F.3d 1537 (Fed.Cir.1996). In that case, the appellant filed a notice of appeal within 120 days of the judgment of the Court of Federal Claims and requested a stay pending our decision in *Reflectone*, a situation completely different from this one.

Accordingly, the decision of the Armed Services Board of Contract Appeals is affirmed.

*AFFIRMED.*